UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST DAIRY ASSOCIATION and
DARIGOLD, INC.,

    Plaintiffs,

    v.

WESTERN CONFERENCE OF
TEAMSTERS PENSION TRUST FUND,

    Defendant.

NO. C18-1100RSL

ORDER REQUESTING FURTHER BRIEFING

The Court has reviewed "Plaintiffs' Dispositive Motion in Support of Complaint to Vacate Arbitration Award" (Dkt. # 15) and defendant's "Cross Motion for Dispositive Relief" (Dkt. # 17). In the context of those motions, plaintiffs repeatedly assert that a partial withdrawal occurs when there is a permanent cessation of the employer's obligation to contribute under all collective bargaining or related agreements under which the employer was previously obligated to contribute. See Dkt. # 15 at 10-11; Dkt. # 19 at 9. Although defendant does not challenge this description, there is no reference to "related" agreements in the statutory criteria used to determine whether a partial withdrawal has occurred.

Section 1385 of the Multiemployer Pension Plan Amendments Act ("MPPAA") provides that a partial withdrawal having the potential to trigger withdrawal liability occurs if "there is a partial cessation of an employer's contribution obligation." 29 U.S.C. § 1385(a)(2). A

ORDER REQUESTING FURTHER
BRIEFING - 1

"contribution obligation" enforceable under 29 U.S.C. § 1145 is broadly defined as any obligation to contribute to the plan that arises from a collective bargaining agreement ("CBA"), agreements related to the CBA, or duties under applicable labor-management relations law. 29 U.S.C. § 1392(a). Plaintiffs rely on that definition to assert that as long as there is any enforceable obligation to contribute to a plan - whether the obligation arises under the CBA or a related agreement - there has not been a partial cessation of the contribution obligation and a partial withdrawal has not occurred.

The partial withdrawal provision contains its own criteria for determining when a "partial cessation of the employer's contribution obligation" occurs, however. A partial cessation occurs when an "employer permanently ceases to have an obligation under one or more but fewer than all collective bargaining agreements under which the employer has been obligated to contribute under the plan . . . ." 29 U.S.C. § 1385(b)(2)(A)(i). There is no reference to "related" agreements or other duties under labor law, nor is there any indication that Congress intended the phrase "collective bargaining agreement" to include plan documents or statutory duties. A plain reading of the statutory terms therefore leads to the conclusion that the only "contribution obligations" that are relevant when determining whether a "partial cessation of the employer's contribution obligations" has occurred are those that arise under a collective bargaining agreement.

The parties may, but are not required to, file supplemental memoranda of no more than ten pages regarding the above statutory interpretation. In particular, the Court would like the parties to address the following two issues:

(1) Whether there are any other statutory provisions that would impact the above interpretation of 29 U.S.C. § 1385(b)(2)(A)(i); and

ORDER REQUESTING FURTHER BRIEFING - 2

(2) The practical implications of the Court's interpretation of 29 U.S.C. § 1385(b)(2)(A)(i). The Court is particularly interested in whether a plan could, as a legal matter, or would, as a practical matter, assess and demand payment of withdrawal liability in a situation where the obligation to contribute under the CBA has ceased (for instance, where the CBA has expired or the bargaining unit has voted to decertify the union) but the employer continues to make contributions to the plan as required by a separate agreement such as an Employer-Union Pension Certificate at issue here.

The parties submissions shall be filed on or before March 25, 2019.

Dated this 11th day of March, 2019.

Robert S. Lasnik
United States District Judge

ORDER REQUESTING FURTHER BRIEFING - 3